IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK TAYLOR,

        Plaintiff,

v.                                                     Case No. 14-2218-JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Frederick Taylor seeks review of a final decision by defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Plaintiff alleges that the Commissioner erred in denying DIB because the Administrative Law Judge ("ALJ") failed to properly consider medical source opinions and plaintiff's credibility when determining plaintiff's residual functional capacity ("RFC"). As discussed below, the Commissioner's decision is affirmed.

**I. Background**

On February 2, 2012, plaintiff filed for DIB under the Act, alleging disability beginning December 1, 2010. His claims were based on a number of physical and mental conditions. His claims were initially denied on March 13, 2012, and again on reconsideration on May 9, 2012. Pursuant to plaintiff's timely request, a hearing was held before an ALJ on October 17, 2012.

At the hearing, plaintiff testified that his inflammatory bowel disease ("IBD") causes him extreme gas pain, flatulence, burping, loose stool, and five to six restroom visits during each day. He also testified that his IBD flares up for a day or two one or two times per month, requiring ten to twelve bathroom visits per day. He also testified that his diabetes and sleep apnea were controlled medically.

In a decision dated November 2, 2012, the ALJ determined that plaintiff was not disabled and had an RFC to perform sedentary work. The ALJ considered plaintiff's IBD and other physical and mental limitations, including knee and back pain, sleep apnea, diabetes, and anxiety. Plaintiff timely filed this appeal, alleging that the ALJ failed to properly consider plaintiff's IBD symptoms when determining his RFC. [1]

## II. Legal Standard

This court reviews the ALJ's decision under 42 U.S.C. § 405(g) to "determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence requires more than a scintilla but less than a preponderance." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (citation omitted). The court's role is not to "reweigh the evidence or substitute its judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008). The

---

[1] Only plaintiff's IBD related complaints are at issue in this appeal. Plaintiff does not otherwise challenge the ALJ's RFC determination.

possibility that two inconsistent conclusions may be drawn from the evidence does not preclude a finding that the Commissioner's decision was based on substantial evidence. *Zoltanski*, 372 F.3d at 1200.

An individual is under a disability only if he can "establish that [he] has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley v. Astrue*, 2010 WL 3001753, at *2 (D. Kan. July 28, 2010) (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has prescribed a five-step sequential analysis to determine whether disability existed between the time of claimed onset and the date the claimant was last insured under the Act. *Wilson*, 602 F.3d at 1139; 20 C.F.R. § 404.1520(a)(4). If the trier of fact finds at any point during the five steps that the claimant is disabled or not disabled, the analysis stops. *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988). The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a medically severe impairment or combination of impairments; and (3) whether the severity of those impairments meets or equals a listed impairment. *Wilson*, 602 F.3d at 1139 (citing *Lax v. Astrue*, 489 F.3d

1080, 1084 (10th Cir. 2007)). If the impairments do not meet or equal a designated listing in step three, the Commissioner then assesses the claimant's RFC based on all medical and other evidence in the record. 20 C.F.R. § 404.1520(e). RFC is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 U.S. Dist. LEXIS 76220, at *5; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545. "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The Commissioner then proceeds to step four, where the RFC assessment is used to determine whether the claimant can perform past relevant work. *Lax*, 489 F.3d at 1084; 20 C.F.R. § 404.1520(e). The claimant bears the burden in steps one through four of proving disability that prevents performance of his past relevant work. 42 U.S.C. § 423(d)(5)(A); *Lax*, 489 F.3d at 1084.

If, as here, a claimant meets the burdens of steps one through four, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education, and work experience." *Lax*, 489 F.3d at 1084 (brackets omitted).

### III. Analysis

Plaintiff argues that the ALJ erred by (1) failing to find that plaintiff's IBD is a severe impairment and (2) failing to evaluate the credibility of plaintiff's subjective complaints of limitations caused by IBD.

Plaintiff's argument that the ALJ erred at step two by failing to find that plaintiff's IBD is a severe impairment is irrelevant because the ALJ proceeded beyond

4

step two. The ALJ satisfies the requirements of step two if he determines that the claimant has a severe impairment and proceeds to step three. *Oldham v Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007). Here, the ALJ determined that plaintiff suffers from the severe impairments of obesity and degenerative disk disease and proceeded to step three, thereby fulfilling the requirements of step two. (Dkt. 23-1, at 20).

However, the severity of plaintiff's alleged IBD symptoms impacts the RFC determination. Accordingly, the court addresses plaintiff's challenge of the ALJ's RFC determination.

**A. The ALJ's RFC determination is supported by substantial evidence in the record.**

Plaintiff argues that the RFC determination is not supported by substantial evidence in the record because the ALJ failed to evaluate plaintiff's credibility, causing the ALJ to fail to consider the full extent of plaintiff's limitations caused by IBD.

The ALJ determines RFC by evaluating a claimant's impairments that are "demonstrable by medically acceptable clinical and laboratory diagnostic techniques," then weighing the evidence to determine the nature and severity of those impairments. 20 C.F.R. §§ 404.1527(a), 416.927(a). Such evidence may include medical opinions, other opinions, and a claimant's subjective complaints. *Id.*; *see also Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009).

<u>1. Plaintiff's Subjective Complaints</u>

A claimant's subjective complaints of debilitating pain are evaluated for credibility under a three-step analysis that asks:

> (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a "loose nexus"); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). The ALJ "must consider the entire case record, including the objective medical evidence" to determine whether plaintiff's subjective claims of debilitating pain are credible. SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). The ALJ should consider "a claimant's persistent attempts to find relief for her pain and her willingness to try any treatment prescribed," regularity of contact with her doctor, possible psychological disorders that may combine with physical problems, daily activities, and daily dosage and effectiveness of medications. *Keyes-Zachary*, 695 F.3d at 1167.

The ALJ need not make a "formalistic factor-by-factor recitation of the evidence" if he specifies evidence relied on in the credibility analysis. *Id.* (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). "[A] credibility determination 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record' and be 'sufficiently specific' to inform subsequent reviewers of both the weight the ALJ gave to a claimant's statements and the reasons for that weight." *Hayden v. Barnhart*, 374 F.3d 986, 992 (10th Cir. 2004) (quoting SSR 96-7p, 1996 WL 374186, at *4).

The ALJ noted that plaintiff complained of IBD flare-ups that can last from two days to two weeks with pain, loose stool, and frequent bathroom trips, but that he "has not had a flare-up in about a year." (Dkt. 23-1, at 19). The ALJ then noted that the

severity of plaintiff's subjective complaints is not supported by objective medical evidence or plaintiff's reported activities. (Dkt. 23-1, at 26).

The ALJ discussed the objective medical evidence at length in the preceding pages of the decision. (Dkt. 23-1, at 23-26). The objective evidence cited regarding IBD included two visits to the emergency room for abdominal pain – one of which was outside the time of alleged disability – resulting in diagnoses of colitis and enteritis and the prescription of antibiotics and pain medication (Dkt. 23-1, at 339-40); diagnosis of mild hemorrhoids (Dkt. 23-1, at 460); and plaintiff's testimony that he had not had a flare-up in about a year and did not take medication for IBD during the alleged disability period (Dkt. 23-1, at 40-41). The ALJ further noted that plaintiff reported attending university, vacuuming, doing the dishes, shopping, and lifting 20 pounds without pain were inconsistent with any debilitating pain or symptoms. (Dkt. 23-1, at 22).

The ALJ's narrative is thus sufficiently specific to inform a subsequent reviewer that plaintiff's subjective complaints of debilitating limitations caused by IBD were discredited because they were inconsistent with objective medical evidence and plaintiff's reported activities. The ALJ adequately determined the credibility of plaintiff's subjective complaints when determining RFC.

### 2. The ALJ's Understanding of Plaintiff's Testimony

Plaintiff also argues that the ALJ misunderstood his subjective testimony regarding the frequency of his bathroom visits. Specifically, plaintiff alleges that the ALJ did not understand that plaintiff visits the bathroom five to six times during a normal

7

workday and ten to twelve times per day several days per month. However, this argument does not affect the ALJ's credibility determination because it is otherwise supported by substantial evidence in the record – in the form of objective medical evidence and plaintiff's reported activities – that would nevertheless remain inconsistent with a different understanding of plaintiff's bathroom visits.

The ALJ determined that the objective evidence and plaintiff's reported activities are inconsistent with those of one who is disabled under the Act. The credibility determination does not turn on how many times plaintiff visits the restroom per workday; it turns on whether one who attends university, vacuums, does dishes, shops, does not take medication for IBD, and otherwise exhibits a medical history like plaintiff's can be credibly heard when he claims that his limitations are disabling. Thus, plaintiff's subjective reports of restroom visit frequency do not subvert the ALJ's credibility determination that is otherwise supported by substantial evidence in the record. Remanding this case to require the ALJ to reconsider the frequency of plaintiff's bathroom visits would not alter the conclusion that the medical evidence and plaintiff's reported activities are inconsistent with those of a disabled person. The court should not reverse for error that "would lead to warrantless remands needlessly prolonging administrative proceedings." *Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009).

9

IT IS ACCORDINGLY ORDERED this 14th day of July, 2015, that the Commissioner's decision is AFFIRMED.

        s\ <u>J. Thomas Marten</u>
        J. THOMAS MARTEN, JUDGE